CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 09 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM F. BRECKENRIDGE, | CASE NO. 7:11CV00487 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| vs. | |
| EARL R. BARKSDALE, WARDEN, | By: James C. Turk |
| | Senior United States District Judge |
| Respondent. | |

Petitioner William F. Breckenridge, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his confinement on convictions for burglary and larceny. After review of the record, the court grants the respondent's motion to dismiss and dismisses Breckenridge's petition as procedurally barred and untimely filed.

I

In a jury trial on August 16, 2007, William F. Breckenridge was convicted in the Circuit Court of Albemarle County of three counts of statutory burglary, three counts of grand larceny, and one count of petit larceny, third or subsequent offense (Case Nos. 19,447; 19,448; 19,449; 19,450; 19,451; 19,605; and 19,606). The jury also recommended that Breckenridge be sentenced to a total term of 22 years in prison, and the court entered judgment against him on September 28, 2007, imposing that sentence.

Breckenridge appealed his convictions to the Court of Appeals of Virginia, arguing that the court erred in denying his motion to strike two prospective jurors; in rejecting his Batson objection to the Commonwealth's peremptory strike of another juror; and in permitting Brian Turner to testify to evidence of other crimes. The Court of Appeals denied the petition; a three-

judge panel denied the petition; and on August 18, 2009, the Supreme Court of Virginia refused Breckenridge's appeal to that court. (Record No. 090834.)

Breckenridge filed a petition for a writ of habeas corpus in the Circuit Court of Albemarle County on June 9, 2010. The Circuit Court construed the petition as the following grounds for relief:

> a. Counsel provided ineffective assistance in failing to object to the introduction of petitioner's prior criminal history in front of the jury;
>
> b. Counsel provided ineffective assistance in failing to make a request/order for preparation of the preliminary hearing transcript;
>
> c. Counsel provided ineffective assistance in failing to file the preliminary hearing transcript;
>
> d. Counsel provided ineffective assistance in failing to investigate the rental of a hotel room by Commonwealth's witness Brian Turner;
>
> e. Counsel provided ineffective assistance by withholding from petitioner and from the jury the false DNA test taken by the arresting detective, Phil Giles;
>
> f. Counsel provided ineffective assistance by failing to request a DNA expert; and
>
> g. Counsel provided ineffective assistance when petitioner told counsel they had a conflict of interest and counsel refused to step down until petitioner was found guilty; petitioner then hired Charles Weber, Esquire.

By order entered December 1, 2010, the Circuit Court dismissed all of Breckenridge's claims under Strickland v. Washington, 466 U.S. 668, 687 (1984).

Breckenridge then submitted a petition for a writ of habeas corpus to the Court of Appeals of Virginia. By order entered February 22, 2011, the Court of Appeals transferred the petition to the Supreme Court of Virginia, noting that it was without jurisdiction to consider Breckenridge's petition under Va. Code Ann. § 8.01-677.1. (Record No. 2719-10-2.) On February 25, 2011, the Supreme Court of Virginia granted Breckenridge 30 days to file a petition

for appeal from the judgment of the Circuit Court of Albemarle County. On May 20, 2011, the Supreme Court of Virginia dismissed the appeal upon finding that Breckenridge had not properly perfected the appeal because his petition did not contain assignments of error as required by Sup. Ct. Rule 5:17(c)(1)(i). (Record No. 110899.) Breckenridge filed motions that the Court construed as petitions for rehearing, but the Supreme Court of Virginia denied these petitions on August 15 and September 21, 2011.

Breckenridge signed and dated his § 2254 petition on September 30, 2011. His petition alleges the following claims for relief:

1. Counsel provided ineffective assistance in failing to request a continuance at the preliminary hearing to find out why Brian Turner refused to testify;

2. Counsel provided ineffective assistance in failing to investigate Brian Turner's claim that he rented a hotel room on the night of the crime;

3. Counsel provided ineffective assistance in failing to object to the introduction of petitioner's prior convictions in front of the jury;

4. Counsel provided ineffective assistance in failing to introduce a lab report showing that fingerprints found at the crime scene did not match petitioner's;

5. Counsel provided ineffective assistance in filing to call Nicole Turner as a witness;

6. Counsel provided ineffective assistance in failing to record the preliminary hearing;

7. Counsel provided ineffective assistance in failing to file a motion to challenge the Commonwealth's expert witness;

8. Counsel provided ineffective assistance in failing to object to the non-trial testimony of Darrell Campbell;

9. Counsel provided ineffective assistance when petitioner notified him at the defense table that Timothy Morris convicted him in 1987;

10. Counsel provided ineffective assistance in failing to object to Brian Turner's trial testimony; and

3

> 11. Counsel provided ineffective assistance in failing to help his client with a plea deal.

The respondent filed a motion to dismiss Breckenridge's petition as procedurally defaulted and untimely. In response to the motion, Breckenridge has submitted hundreds of pages of additional arguments concerning his claims for relief (ECF Nos. 21, 23, & 27), which the court has carefully reviewed.

## II

### A. Procedural Default

"A federal court may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If petitioner failed to exhaust state court remedies and would now be barred from doing so under an independent and adequate state law ground, his federal version of the habeas claim is barred from review on the merits, absent a showing of cause and actual prejudice, or a showing of a miscarriage of justice. Teague v. Lane, 489 U.S. 288, 298 (1989); Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990).

Breckenridge has never presented to the Supreme Court of Virginia Claims 5, 9, and 11 as alleged in his current § 2254 petition. Thus, Breckenridge did not exhaust his state court remedies as to these claims. It is clear that if Breckenridge raised these claims now in a state habeas petition, state court review of these claims would be procedurally barred under Virginia's statute of limitations and successive petitions bar. See Va. Code Ann. §§ 8.01-654(A)(2) and

4

8.01-654(b)(2).[1] Given this fact, this court is precluded from granting § 2254 relief unless Breckenridge shows cause for his default and resulting prejudice or a miscarriage of justice. Teague, 489 U.S. at 298-99; Bassette, 915 F.2d at 936-37.

Breckenridge raised claims 1, 2, 3, 4, 6, 7, 8, and 10 in his state habeas petition in the Circuit Court of Albemarle County, but failed to present these claims properly to the Supreme Court of Virginia. That court dismissed Breckenridge's habeas appeal because he failed to include assignments of error in the petition as required by Sup. Ct. Rule 5:17(c)(1)(i). Because these claims are thus procedurally defaulted under an independent and adequate state law rule, they are also procedurally barred from review in federal court.[2] See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) (finding that failure to properly perfect appeal to the Supreme Court of Virginia procedurally bars federal habeas review of claims raised only in the Circuit Court). Breckenridge would also be procedurally barred under § 8.01-654(A)(2) and § 8.01-654(b)(2) from raising the claims now in a second, state habeas petition, since such a petition would be both untimely and successive. Thus, unless Breckenridge shows cause and prejudice, or a miscarriage of justice, these claims are barred from federal habeas review.

---

[1] The Fourth Circuit has recognized the successive petition bar in § 8.01-654(B)(2) as an adequate and independent state law ground barring federal habeas review. See, e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158, 163 (4th Cir. 1996). The United States Supreme Court has held that a state statute of limitations may be an independent and adequate state law ground barring federal habeas review, and § 8.01-654(A)(2) is such a statute. See Walker v. Martin, 131 S. Ct 1120, 1130-31 (2011); Lee v. Johnson, Civil Action No. 2:10CV00122, 2010 U.S. Dist. LEXIS 106731, at *9-10 (E.D. Va. July 28, 2010) (Report and Recommendation), adopted by order, 2010 U.S. Dist. LEXIS 106726 (E.D. Va. Oct. 5, 2010). See also Sparrow v. Director, 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (finding claims simultaneously exhausted and defaulted in federal habeas because claims not presented in state court would now be time barred by adequate and independent default of Va. Code Ann. § 8.01-654(A)(2)).

[2] See Mueller v. Angelone, 181 F.3d 557, 582-84 (4th Cir. 1999) (finding "assignment of errors" requirement in Rule 5:17(c) to be an independent and adequate state law ground barring federal habeas relief); Yeatts v. Angelone, 166 F.3d 255, 264 (4th Cir. 1999) (same).

Breckenridge fails to demonstrate cause for any of his procedural defaults. He also fails to show a miscarriage of justice so as to circumvent his defaults by that route. The miscarriage of justice exception to procedural default has been narrowly defined to require a colorable claim that if jurors had received specific, reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted" the defendant of the underlying crime. See Bousley v. United States, 523 U.S. 614, 623 (1998) (citing Schlup v. Delo, 513 U.S. 298, 326-27 (1995)). Breckenridge makes no such showing. Accordingly, the court will grant the motion to dismiss his petition on the ground that his claims are procedurally barred from federal habeas review of the merits.

B. Statute of Limitations

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final after the petitioner has exhausted his opportunities to seek direct review. See 28 U.S.C. § 2244(d)(1)(A).[3] Under 28 U.S.C. § 2244(d)(2), the one-year filing

---

[3] Under § 2244(d)(1), the one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6

period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending."

The court concludes from the record that Breckenridge did not file his § 2254 petition within the one-year filing period prescribed by § 2244(d). The Supreme Court of Virginia refused Breckenridge's direct appeal on August 18, 2009, and 90 days later, on November 16, 2009, his conviction became final under § 2244(d)(1)(A) when the time for him to file a petition for a writ of certiorari in the United States Supreme Court expired.[4] See Harris v. Hutchinson, 209 F.3d 325, 328 n. 1 (4th Cir. 2000). The one-year filing period began on November 16, 2009, and ran until June 9, 2010, when Breckenridge filed his state habeas petition and thus tolled the federal filing period after 205 days had elapsed. Once the Circuit Court of Albemarle County dismissed Breckenridge's petition on December 1, 2010, his federal filing period began running again and expired on May 10, 2011. Breckenridge did not sign and date his § 2254 petition until September 30, 2011, more than four months too late under § 2244(d)(1)(A).

Because Breckenridge failed to perfect his habeas appeal properly in the Supreme Court of Virginia, the pendency of that appeal did not toll the limitation period under § 2244(d)(2). Not only did Breckenridge improperly file his appeal in the Court of Appeals of Virginia, but he also failed to include assignments of error as required in a Supreme Court of Virginia appeal petition, pursuant to Rule 5:17(c)(1)(i). See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[An] application is 'properly filed' [for purposes of tolling under § 2244(d)(2)] when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which includes the "prescribe[ed] . . . form of the document [and] the court and office in which it must be lodged. . . ."); Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (finding that

---

[4] See Rules of the Supreme Court of the United States, Rule 13(1) (time to file petition for writ of certiorari expires 90 days after entry of final judgment by highest state court).

7

habeas appeal dismissed on state procedural grounds for omitting assignments of error was not properly filed and did not toll federal limitations period). Breckenridge also does not allege any grounds on which his federal filing period could be calculated under any other subsection of § 2244(d)(1). Thus, the court concludes that Breckenridge failed to file his § 2254 petition within one year after his conviction became final, as required under § 2244(d).

An otherwise time-barred petitioner may prove entitlement to equitable tolling of the filing period, if he demonstrates (1) he pursued his rights diligently; and (2) some extraordinary circumstance prevented him from timely filing his habeas petition. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Breckenridge alleges that his untimely filing should be excused because he has little knowledge of the law and erroneously believed that his conviction was not final as long as he had a post-conviction proceeding yet available in state court. An inmate's pro se status and ignorance of the law are not sufficient grounds to justify equitable tolling, because these are not factors outside the inmate's control. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Moreover, § 2244(d)(1)(A) clearly states that the filing period "commences on the 'conclusion of direct review.' This language does not contribute to a misunderstanding that would have the time commence on the 'conclusion of State post-conviction proceedings." Harris, 209 F.3d at 331.

Breckenridge also asserts that it took him months to obtain the preliminary hearing transcript and that he had insufficient access to the prison law library for several months in 2009. These problems occurred when Breckenridge was preparing his state habeas corpus petition, however. He fails to show how they prevented him from filing a timely *federal* habeas petition in 2011. The court thus cannot find that Breckenridge has demonstrated grounds for equitably

8

tolling of the limitations period in his case. Accordingly, the court will grant the motion to dismiss his petition as untimely under § 2244(d).

III

After careful review of all Breckenridge's submissions, the court concludes that the motion to dismiss must be granted because the petitioner's claims are procedurally defaulted, petitioner failed to file his petition within the time limits mandated by § 2244(d), and he fails to demonstrate that equitable tolling is warranted. An appropriate order will enter this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). The court finds that petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right" and therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 9th day of July, 2012.

_/s/ James C. Turk_
Senior United States District Judge

9